H. H. THORNTON, ET AL., *v.* W. D. STIRMAN.

**Pleading—Petition.**

> A pleading must state facts, and not evidence, and when it pleads the evidence and not the facts it is bad on demurrer.

APPEAL FROM THE DAVIESS CIRCUIT COURT.

November 23, 1877.

OPINION BY JUDGE LINDSAY:

If in June, 1873, Thornton did rescind his contract for the sale of the lot conveyed to Mrs. Bailey with her and her husband, and they did on that day execute the conveyance afterwards acknowledged on the 4th and 10th days of October, 1873, and did leave the note for $240 in his hands, to evidence an indebtedness due on account of the sale of the house and lot to Bailey, the husband, then the lien retained in the deed to Mrs. Bailey was thereby completely extinguished, and it cannot be asserted in this action. But neither the refusal of the court to allow Thornton to become a party to the action of Stirman against Bailey and wife, nor the judgment in favor of Stirman in the action which appellant subsequently instituted against him to establish his ownership of the lot, can be pleaded in bar of this action. In neither of these proceedings was the claim to the lien herein set up, litigated or called in question.

The record of said proceedings may be used as evidence of the fact that the lien had been extinguished or surrendered by the contract of rescission heretofore mentioned; but they do not operate as estoppels upon appellee, and do not constitute bars to this action.

The difficulty here is that the facts which these records tend to prove are not pleaded. The appellee avers in his answer that Thorn-

ton tendered a petition and asked to be made a party to his action against Bailey and wife, in which he alleged a given state of facts and that he subsequently sued him, the appellee, and sought to recover the lot on certain grounds, all of which are utterly inconsistent with the claim herein sought to be enforced. But it is not averred that the allegations in the first instance were true, nor that the grounds set up in the second actually did exist.

We have here a case in which the evidence, and not the material facts, are pleaded, and the answer cannot be regarded as interposing any obstacle whatever to the appellants' recovery. Judgment *reversed* and cause remanded for further proper proceedings.

*L. P. Little, for appellants. Williams & Brown, for appellee.*